UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MCHARDY, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>KIT DIGITAL INC., KALIEL TUZMAN, ROBIN SMYTH, and GAVIN CAMPION,<br><br>            Defendants. | Electronically Filed<br><br>Civil Action No. 1:12-cv-04199-VM<br><br>Judge Victor Marrero |
| FBO STEPHEN N. CONRAD PERSHING LLC AS CUSTODIAN ROLLOVER ACCOUNT, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>KIT DIGITAL INC., KALIEL TUZMAN, ROBIN SMYTH, and GAVIN CAMPION,<br><br>            Defendants. | Electronically Filed<br><br>Civil Action No. 1:12-cv-05443 |

**MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE HOUSTON MUNICIPAL EMPLOYEES PENSION
SYSTEM'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION
<u>OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS</u>**

## INTRODUCTION

Class member Houston Municipal Employees Pension System ("HMEPS") suffered the largest loss in KIT Digital, Inc. ("Kit") of the lead plaintiff candidates. Thus, HMEPS respectfully submits this memorandum in opposition to the competing motions to appoint lead plaintiff and approve lead counsel that are pending before this Court, and in further support of its motion for consolidation, appointment as lead plaintiff and for approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the class.[1]

## PRELIMINARY STATEMENT

HMEPS should be appointed as lead plaintiff and its selection of lead counsel should be approved. Unlike the competing movants, which lack the largest financial interest in the outcome of the litigation, HMEPS satisfies the requirements of the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 23(a)(3) and (4). HMEPS, having suffered a loss of $911,952 – well over the reported financial interests of the competing movants – represents the largest financial interest in the outcome of the litigation, asserts claims that are typical of the class and has no interests that are antagonistic to the members of the class. Thus, HMEPS is presumptively the most adequate class member to serve as lead plaintiff in these actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] Motions for appointment as lead plaintiff were also made by: (i) Aramis Capital Ltd. ("Aramis"); (ii) Denver Employees Retirement Plan and Oakland County Employees Retirement System (the "Public Pension Group"); (iii) Robert McHardy; (iv) Marek Vasut; (v) Franz Hellwig; (vi) Martin Feinberg; and (vii) City of Roseville Employees' Retirement System. The Public Pension Group, Hellwig, Feinberg and Vasut have conceded they lack the largest financial interest in these actions.

## ARGUMENT

### I.     HMEPS HAS THE LARGEST FINANCIAL INTEREST IN THESE ACTIONS

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person…that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, HMEPS – which, as an institutional investor, is the paradigm lead plaintiff envisioned by Congress when it passed the PSLRA (*see* Opening Mem. at 5-7) – suffered the largest loss of the lead plaintiff movants on its transactions in Kit:

| Movant | Reported Loss |
|---|---|
| **Houston Municipal Employees Pension System** | **($911,952)** |
| **Aramis Capital Ltd.** | **($765,275)[2]** |
| Denver Employees Retirement Plan | ($314,228) |
| Oakland County Employees Retirement System | ($474,571) |
| **Public Pension Group** | **($788,799)** |
| **Robert McHardy** | **($209,428)** |
| **Marek Vasut** | **($184,829)** |
| **Franz Hellwig** | **($124,904)** |
| **Martin Feinberg** | **($100,000+)** |
| **City of Roseville Employees' Retirement System** | **($73,923)** |

It is axiomatic that the investor with the largest financial interest is entitled to the presumption of being the most adequate plaintiff – and being appointed the lead plaintiff. *See*,

---

[2] Aramis reported its loss as $858,385, but this figure includes losses suffered on its purchase of 100,000 Kit shares after the final corrective disclosure was issued before the market opened on the last day of the class period, May 3, 2012. *See* McHardy Cmplt. ¶68-70. Kit common stock opened at $4.75 on May 3, 2012, after closing at $6.34 on May 2, 2012. Kit stock closed at $4.42 on May 3, 2012. Aramis' May 3rd purchase was made at $4.92 per share – clearly after Kit stock had plummeted from its May 2nd close of $6.34 and after the May 3rd pre-market, final corrective disclosure. Accordingly, any losses on Aramis' May 3rd purchase should be backed out of its financial interest figure. Regardless, HMEPS has a larger financial interest ($911,952) than either Aramis' reported loss of $858,385 or its figure after backing out losses stemming from post-disclosure purchases ($765,275).

*e.g.*, *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (Marrero, J.).

The PSLRA's presumption that the most adequate plaintiff is the "person" with the largest financial interest may be rebutted only upon *proof* by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff[] incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The competing movants cannot rebut this presumption.

As set forth in its opening motion to be appointed lead plaintiff, HMEPS satisfies the PSLRA, is not aware of any unique defenses that defendants could raise against it and, thus, is entitled to the presumption that it is the most adequate plaintiff for the class. Therefore, HMEPS should be appointed lead plaintiff.[3]

## CONCLUSION

For the foregoing reasons and those set forth in its opening motion, HMEPS respectfully requests that this Court: (1) consolidate the related actions; (2) appoint HMEPS as lead plaintiff

---

[3] There are also significant open questions about Aramis. According to its website, Aramis Capital, SA is a Swiss wealth management company. It is unclear what role movant Aramis Capital Ltd. plays within Aramis Capital, SA. Aramis Capital Ltd. is apparently an investment adviser and, as such, has not demonstrated its standing to litigate this action under *W.R. Huff Asset Management Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008). In *Huff*, the Second Circuit held that investment advisers must have legal title to their clients' claims in order to litigate on their behalf. Southern District courts have repeatedly required proposed lead plaintiffs to satisfy *Huff*'s standing requirement. *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 n.2 (S.D.N.Y. 2011) (proposed lead plaintiff lacked "necessary property interest" in shares under *Huff*); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009) (investment advisor rejected as lead plaintiff because it did not have standing under *Huff*); *see also In re IMAX Sec. Litig.*, No. 06CIV6128, 2009 WL 1905033, at *1 (S.D.N.Y. June 29, 2009). Aramis has not demonstrated, as it must, its standing to litigate these actions on behalf of its clients.

3

in the captioned, and all subsequently-filed, related actions; and (3) approve HMEPS' selection of Bernstein Liebhard as lead counsel.

| | |
|---|---|
| Dated: August 13, 2012 | Respectfully submitted, |

**BERNSTEIN LIEBHARD LLP**

/s/
_____
Stanley D. Bernstein (bernstein@bernlieb.com)
Sandy A. Liebhard (liebhard@bernlieb.com)
Christian P. Siebott (siebott@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

**Attorneys for HMEPS and Proposed Lead Counsel for the Class**

## CERTIFICATE OF SERVICE

I hereby certify that the Memorandum of Law In Further Support of Motion of Houston Municipal Employees Pension System to be appointed as lead plaintiff and for approval of its choice of lead counsel, and in Opposition to Competing Motions, was filed on August 13, 2012 through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/
_____
JOSEPH R. SEIDMAN, JR.