**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE DONA (BD-3730)
500 5th Ave. Suite 1810
New York, NY 10110
Telephone:  (212) 696-3730
Fax:  (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone:  (504) 455-1400
Fax:  (504) 455-1498

*Counsel for Plaintiff Robert McHardy*
*and Proposed Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MCHARDY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KIT DIGITAL, INC., KALIEL TUZMAN, ROBIN SMYTH and GAVIN CAMPION,<br><br>Defendants. | Case: 12-CV-4199-VM<br><br>HON. JUDGE VICTOR MARRERO |

(caption continued on the following page)

**ROBERT MCHARDY'S MEMORANDUM IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF**

| | |
|---|---|
| FBO STEPHEN N. CONRAD PERSHING LLC AS CUSTODIAN ROLLOVER ACCOUNT, Individually And On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>KIT DIGITAL, INC., KALIEL TUZMAN, ROBIN SMYTH and GAVIN CAMPION,<br><br>　　　　　　　　　　　Defendants. | Case: 12-CV-5446-UA<br><br>HON. JUDGE VICTOR MARRERO |

**Table of Contents**

**INTRODUCTION**.................................................................................................................. 1

**ARGUMENT**........................................................................................................................ 3

    **I. Mr. McHardy Should Be Appointed Lead Plaintiff**............................................ 3

        A)    Mr. McHardy Meets the Requirements of the PSLRA and Is the "Most Adequate Plaintiff"................................................................................................ 4

            i.    Mr. McHardy Has the Largest Financial Interest in the Relief Sought by the Class of those That are Eligible to Serve as Lead Counsel ............................................ 4

            ii.    Mr. McHardy Satisfies the Requirements of Rule 23........................................... 6

        B)    The Competing Movants Cannot Rebut the Presumption that M. McHardy Is the Most Adequate Lead Plaintiff and Their Motions Must Fail........................... 7

            i.    HMEPS Is Not the Presumptive Lead Plaintiff and Should Not Be Appointed Lead Plaintiff........................................................................................................ 8

            ii. Aramis is Not the Presumptive Lead Plaintiff and Should Not be Appointed Lead Plaintiff………………………………………………………..13

            iii.    The City of Rosewood Has Losses Well Below Those of Mr. McHardy.......... 13

**II. The Court Should Appoint Mr. McHardy Lead Plaintiff & Approve His Selection of Counsel** ................................................................................................. 14

**CONCLUSION** ................................................................................................................... 14

i

Table of Authorities

**Cases**
*Bensley v. FalconStor Software,Inc.,* 277 F.R.D. 231, 241-42 (E.D.N.Y. 2011) .......................... 10
*Burke v. Ruttenberg,* 102 F.Supp.2d 1280, 1304 (N.D. Ala. 2000) .............................................. 11
*Corwin v. Seizinger,* 2008 WL 123846, *1 (S.D.N.Y. 2008) .......................................................... 4
*Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001) ................. 13
*In re Comverse Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 69900, *19-20 (S.D.N.Y. 2006) .. 7
*In re eSpeed, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 14104 at *5-6 (S.D.N.Y. July 13, 2005) ................................................................................................................................................ 13,14
*In re Oxford Health Plans,* 182 F.R.D. at 46-47 (S.D.N.Y. 1998) ................................................ 10
*In re Parmalat Sec.s Litig.n,* 376 F.Supp.2d 472, 511 (S.D.N.Y. 2005) ....................................... 14
*In Re SLM Corp. Sec. Litig.,* 258 F.R.D. 112, 117 (S.D.N.Y. 2009) .......................................... 9,15
*In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) ...... 13
*Kaplan v. Gelfond,* 240 F.R.D. 88, 94-95 (S.D.N.Y. 2007) .......................................................... 12
*Olsen v. New York Community Bancorp, Inc.,* 233 F.R.D. 101, 106 (E.D.N.Y. 2005) ................. 13
*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*,
    2004 U.S. Dist. LEXIS 9571, (S.D.N.Y. May 27, 2004) ............................................................. 6
*Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002) ............................... 12
*Stone v. Agnico-Eagle Mines, Ltd.,* 280 F.R.D. 142, 145 (S.D.N.Y. 2012) .................................. 14

**Statutes**
15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 3, 8
15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) .............................................................................................. 15
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................. 9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................... 16
15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 16

**Rules**
Fed. R. Civ. P. 23 ................................................................................................................. 8, 9, 16
Fed. R. Civ. P. 23(a) ....................................................................................................................... 8
Fed. R. Civ. P. 23(a)(3) .................................................................................................................. 8
Fed. R. Civ. P. 23(a)(4) .................................................................................................................. 8

## **INTRODUCTION**

Robert McHardy ("Mr. McHardy" or "Movant") respectfully submits this Memorandum of points and authorities in further support of his Motion, pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) as *amended* by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for appointment of Mr. McHardy as Lead Plaintiff, for approval of his selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel, and in opposition to the competing Lead Plaintiff motions filed by various competing movants.

Mr. McHardy is well suited for the role as Lead Plaintiff in this matter. He has demonstrated his commitment to this litigation, having filed the first case in this matter, and actively pursued it, timely filing his Memorandum in Support of his Motion to Consolidate Related Matter, to be Appointed Lead Plaintiff, and to Approve Lead Plaintiff's Choice of Counsel. Mr. McHardy suffered significant losses (in excess of $200,000), the largest losses suffered by any individual investor. Mr. McHardy also satisfies all of the requirements for Lead Plaintiff.

Mr. McHardy hereby opposes the competing motions for appointment as Lead Plaintiff. Mr. McHardy is presumptively the most adequate plaintiff. Mr. McHardy has suffered the largest loss among the competing movants that are otherwise eligible for the role of Lead Plaintiff[1].

---

[1] Eight movants originally filed motions for appointment as Lead Plaintiff. Four, The Public Pension Group, Marek Vasut, Franz Helwig, and Martin Feinberg, have subsequently withdrawn their motions or conceded they are not the presumptive lead plaintiff. Of the four remaining movants, Mr. McHardy is the only individual investor. Two movants, Houston Municipal Employees Pension System, and Aramis Capital, each claim to have suffered larger losses than Mr. McHardy, but there are substantial questions regarding the adequacy of either to serve as Lead Plaintiff as neither has sufficiently demonstrated that it was the entity that in fact suffered the losses in question.

Houston Municipal Employees Pension System (hereinafter "HMEPS") suffers from a fatal standing defect. Although it claims to have losses in excess of those suffered by Mr. McHardy[2], publicly available documents show that during the Class Period HMEPS was one of the largest holders of Neumeier Poma (a small cap mutual fund). It appears from these documents that *Neumeier Poma,* (rather than HMEPS) suffered losses on sales of KIT Digital in the second quarter of 2012, during the Class Period. Alternatively, should this Court determine that HMEPS's claimed losses entitle it to the status of presumptive Lead Plaintiff, the evidence raising serious doubts concerning its standing to pursue the matter would successfully rebut that presumption.

Aramis Capital, Ltd. (hereinafter "Aramis"), likewise does not meet the adequacy requirements to be the presumptive lead plaintiff because, again, it appears that Aramis may not have standing to pursue these claims and that Aramis may not have suffered the losses claimed[3]. Aramis is a privately owned Swiss wealth management firm, and the Certification filed as Exhibit "B" to Aramis Capital Ltd.'s Memorandum of Law in Support of its' Motion for Consolidation of Related Matters, Appointment as Lead Plaintiff, and Approval of Lead Counsel (hereinafter Aramis Memorandum), is insufficient to demonstrate that the losses that form the basis for its motion were losses on its own account, as opposed to losses in the accounts of its clients (and, if the latter, whether Aramis controlled the trading decisions in those accounts and has the authority to make this motion on its clients' behalf). Likewise, it is unclear whether the purchases reported on Aramis' certification and loss chart took place on a U.S. stock exchange.

---

[2] HMEPS claims to have suffered losses of $911,952.00 during the Class Period. *Se,* Memorandum of Law in Support of HMEPS Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of its Selection of Lead Counsel (Hereinafter HMEPS Memorandum), at p. 7.

[3] Aramis claims to have suffered losses of $858,384.78. *See* Memorandum of Law in Support of Aramis Capital's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Aramis Memorandum"), at p. 5.

Alternatively, should this Court determine that Aramis' claimed losses entitle it to the status of presumptive Lead Plaintiff, the failure of Aramis to provide sufficient proof that it owned the shares in question, had attorney-in-fact status for its investors, or has received an assignment from those investors, each raise serious doubts concerning its standing to pursue the matter, and would successfully rebut that presumption.

The remaining movant, the City of Roseville, has losses that are substantially less than Mr. McHardy and is therefore, not entitled to presumptive Lead Plaintiff status in this litigation.

Based on the foregoing, and for the reasons discussed herein below, this Court should appoint Mr. McHardy as Lead Plaintiff in this Action and approve his selection of counsel, KSF, as Lead Counsel for the Class.

## **ARGUMENT**

### **I. Mr. McHardy Should Be Appointed Lead Plaintiff**

Mr. McHardy, with losses of $209,428.10, has suffered the largest losses of all movants who otherwise meet the requirements of Rule 23 – and has suffered the largest losses of any individual movant among all eight motions timely filed. He retained counsel, oversaw the preparation of the first complaint filed in this matter, and has actively pursued the litigation, including making a timely Motion to be appointed Lead Plaintiff, despite the fact that under the statute, by filing a complaint he need not make a motion for lead plaintiff. *See, 15 U.S.C. §78u-4 (a)(3)(B)(iii)(aa).* Mr. McHardy also satisfies all of the requirements for Lead Plaintiff, and is willing to serve in that role.

3

### A) Mr. McHardy Meets the Requirements of the PSLRA and Is the "Most Adequate Plaintiff"

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires that the court to appoint a "lead plaintiff" in private securities class actions. 15 U.S.C. § 78u–4(3)(B)(i). The Lead Plaintiff is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* The intent of this provision of the PSLRA was to ensure that parties with "significant financial interests in the litigation" would oversee securities class actions and control the management of such suits, including the selection of counsel. *Corwin v. Seizinger,* 2008 WL 123846, *1 (S.D.N.Y. 2008).

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person, or group of persons, that: a) filed the initial complaint, or moved for appointment as Lead Plaintiff; b) has the largest financial interest in the relief sought by the class; c) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Corwin,* 2008 WL 123846, *2. The court then, must first determine which member of the class is entitled to this statutory presumption. *Sczensy Trust v. DiCamillo,* 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

### i. Mr. McHardy Has the Largest Financial Interest in the Relief Sought by the Class of those That are Eligible to Serve as Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the Class who otherwise meets the requirements of Rule 23. *See.* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 130-31 (S.D.N.Y. 2011).

Mr. McHardy filed the first lawsuit against the Defendants in this matter on May 25, 2012, and has timely complied with all requirements to serve as Lead Plaintiff. As demonstrated herein, Mr. McHardy, with total losses of $209,428.10 during the Class Period, has the largest financial interest of any individual investor, in the relief sought by the Class, and the largest loss of any movant seeking appointment as Lead Plaintiff. *See* Miller Declaration in Support of Motion for Lead Plaintiff ("Miller Decl.") Exhibit "B".

Two movants, HMEPS and Aramis Capital, have claimed larger total losses, but, as will be argued more fully below, neither is eligible to be appointed as Lead Plaintiff, or to trigger presumptive status, because, in each instance, substantial questions exist as to whether the party seeking to be named Lead Plaintiff has shown any established financial interest. Below is a chart reflecting the names of the remaining competing movants, their counsel, and each movant's purported losses:

| MOVANT | PROPOSED LEAD COUNSEL | CLAIMED LOSS | COMMENTS |
|---|---|---|---|
| **Mr. McHardy** | KSF | $209,428.10 | • Largest Losses of any individual<br>• Largest Losses of any movant who otherwise meets Rule 23<br>• Presumptive Lead Plaintiff<br>• Adequate and Typical of Class<br>• Filed first complaint in action, demonstrating adequacy and willingness to serve |
| **HMEPS** | Bernstein Liebhard | $911,952.00 | • Nature of Investment Unexplained<br>• Standing Questions |

| | | | |
|---|---|---|---|
| **Aramis Capital** | Glancy Binkow & Goldberg | $858,384.78 | • Standing Questions<br>• No Filing Authority Demonstrated |
| **City of Roseville** | Robbins Geller Rudman & Dowd LLP | $73,922.96 | Limited Financial Interest |

### ii. Mr. McHardy Satisfies the Requirements of Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In determining the proper party to serve as Lead Plaintiff, the Courts have clarified that the PSLRA's focus of the inquiry under this provision is on the typicality requirement of Fed. R. Civ. P. 23(a)(3) and the adequacy requirement of Fed. R. Civ. P. 23(a)(4). *See*, *e.g.*, *In re Oxford Health Plans,* 182 F.R.D. at 49 (Holding typicality and adequacy are the only relevant considerations under the PSLRA for selecting Lead Plaintiff); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*, No. 03-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *53 (S.D.N.Y. May 27, 2004).

Mr. McHardy easily satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23. Mr. McHardy has interests in common with the Class members, has clear motivation and the ability to vigorously pursue this action, and has competent counsel. Since Mr. McHardy meets both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), and has sustained the largest losses of all movants otherwise adequate to serve as Lead Plaintiff as a result of the

alleged illegal and improper acts of Defendants, he is presumptively the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B) The Competing Movants Cannot Rebut the Presumption that Mr. McHardy Is the Most Adequate Lead Plaintiff and Their Motions Must Fail

As discussed above, Mr. McHardy has the largest losses of any individual Plaintiff, and has established the largest losses – approximately $209,428 – by any party eligible to serve as Lead Plaintiff. Mr. McHardy also meets the adequacy and typicality requirements of Fed. R. Civ. P. 23. Furthermore, Mr. McHardy suffers from none of the serious defects that afflict other movants. As the movant with the largest losses who is both typical and adequate under Fed. R. Civ. P. 23, Mr. McHardy is the presumptive Lead Plaintiff in this Action. As Mr. McHardy has made a "prima facie showing that it satisfies the requirements of Rule 23," it is "entitled to a rebuttable presumption that it should be appointed Lead Plaintiff." *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680799, *3 (E.D.N.Y. 2007).

The PSLRA provides that this presumption may be rebutted "only upon proof" from a member of the Class that the presumptive Lead Plaintiff will not fairly and adequately protect the interests of the Class, or is subject to unique defenses that will render him incapable of adequately representing the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Because other movants have not and cannot rebut the presumption that Mr. McHardy is the most adequate Lead Plaintiff, their motions each fail.

Alternatively, should this Court determine that the losses claimed by either HMEPS, or Aramis, entitle one to the role of presumptive Lead Plaintiff, Mr. McHardy has come forward with evidence that neither would adequately represent the interest of the class, given the substantial hurdles each would face in establishing standing.

     **i.   HMEPS Is Not the Presumptive Lead Plaintiff and Should Not Be Appointed Lead Plaintiff**

HMEPS is a municipal employees' pension fund. However, its motion does not establish the nature of HMEPS ownership of shares in KIT Digital during the Class Period. The Second Circuit has cautioned that "courts should be mindful that named plaintiffs in a class action *must allege and show that they personally have been injured*, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent". *W.R. Huff Asset Management v. Deloitte and Touche, LLP,* 549 F.3d 100, 106 (2nd Cir. 2008) (emphasis added).

HMEPS' motion is deficient.  Whereas Aramis, an investment firm, has not attempted to provide evidence that it traded KIT Digital securities on its own account, or acted as attorney-in-fact for its investors, HMEPS appears to have been heavily invested in Neumeier Poma (a small cap mutual fund) that suffered losses on KIT Digital on the sales of KIT Digital securities in the second quarter of 2012. HMEPS has not established that it had any actual ownership stake in the securities, *or that it, rather than Neumeier Poma* made the decision to invest in KIT Digital during the Class Period, and suffered the resulting losses.

Neumeier Poma, on page three (3) of its "Firm Profile Presentation" or the Second Quarter of 2012 lists HMEPS as the first of its six institutional investors (with cumulative investments in the fund of $165 million). *See* Exhibit "A" to the Supplemental Declaration of Kim E. Miller in Support of Opposition ("Miller Supp. Decl."), Neumeier Poma Firm Profile, p.3, found at http://www.npsmallvalue.com/wp-content/uploads/2012/03/presentation.pdf.  The same document establishes that Neumeier Poma had "concentrated holdings" in KIT Digital, which it sold in the Second Quarter of 2012, during the same period that HMEPS claims to have

8

sold its shares. *See* Exhibit "A", p. 12. *See also, In Re SLM Corp. Sec. Litig.,* 258 F.R.D. 112, 117 (S.D.N.Y. 2009) (Proposed Lead Plaintiff established that it and not trading company was the owner of the securities at issue, in part because it, and not the trading company, reported the trades for tax purposes, and the Certification of its counsel specifically averred that it owned, and directed the trades).

HMEPS does not address in its motion to be appointed Lead Plaintiff the nature of its ownership interest in the KIT Digital securities, and does not claim to have directed the purchase or sale of the securities. If, however, the nature of its investment in KIT Digital was through its investment in Neumeier Poma, it is unlikely that would provide a sufficient ownership, or direction, of the investment as Neumeier Poma "portfolio managers make all final buy/sell decisions for the portfolio". *See* Miller Supp. Decl. Exhibit "B," Neumeier Poma "Small Cap Value Investment Process", found at http://www.npsmallvalue.com/small-cap-value-investment-process-2/.

HMEPS argues at some length in its Memorandum in support of its motion to serve as Lead Plaintiff that it is best suited because it is an "institutional investor." *See* HMEPS Memorandum, pp. 7-9. However, its status as an institutional investor is not sufficient to provide a basis to serve as Lead Plaintiff when its Certification is inadequate to determine whether it has in fact suffered any losses. *See, Bensley v. FalconStor Software,Inc.,* 277 F.R.D. 231, 241-42 (E.D.N.Y. 2011) (Individual investor that suffered substantial loss of $15,500.00 appointed Lead Plaintiff where concerns existed that losses suffered by institutional investor, pension fund, would not be compensable and that it may not serve adequately as Lead Plaintiff).[4]

---

[4] At this point, the exact nature of Neumeier Poma's interest in, and control of, the shares is unknown, as Neumeier Poma's Form 13 F disclosures do not provide sufficient information in that regard. Similarly, although it is clear that HEMPS has a substantial stake in Neumeier Poma Small Cap Value, their relationship, and the status of its account are likewise, unclear. At a minumum, discovery is called for in the face of such significant uncertainties.

Furthermore, public employee pension funds face unique difficulties that could make them poor candidates to serve as Lead Plaintiff under certain circumstances, due to potential conflicts in their joint role as fiduciary for the prospective class, and their already existing fiduciary responsibility to its members which could negatively impact possible settlements under some circumstances. *See, In re Oxford Health Plans,* 182 F.R.D. at 46-47 (S.D.N.Y. 1998) (not all institutional investors are similarly situated. A class representative, once designated by the Court, is a fiduciary for the absent class members. Government employee pension funds enter the litigation already burdened by a primary fiduciary obligation to the present and future government pensioners. Private claimants may incur deposition costs and other disbursements in pursuit of their own claims and that of the class, without limitation. Public employee pension funds, conversely, cannot pursue litigation with trust funds for the benefit of class members who are not beneficially interested in the trust, and if the reasonable prospects of recovery do not exceed the costs accrued, such a fiduciary becomes conflicted and may have to drop out. Such a potential conflict has a serious adverse bearing on settlement dynamics) (internal citations omitted).

Mr. McHardy, moreover, clearly satisfies the preference evidenced in the PSLRA for naming as Lead Plaintiff "a plaintiff who has suffered a large enough pro rata loss that he will benefit from monitoring his attorneys' conduct." *Burke v. Ruttenberg,* 102 F.Supp.2d 1280, 1304 (N.D. Ala. 2000) (discussing the legislative history of the PSLRA).

In short, HMEPS has not ***even attempted*** to claim that it, and not Neumeier Poma: (i) held the position, and owned the KTD Digital shares at issue; (ii) made the final buy/sell decision; or (iii) possesses an actual financial interest in the relief sought. At the very least, HMEPS should have timely presented evidence that it suffered the losses for which it seeks

status as Lead Plaintiff. See *In re eSpeed, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 14104 at *5-6 (S.D.N.Y. July 13, 2005).

Alternatively, should this Court determine that HMEPS claimed losses entitle it to the status of presumptive Lead Plaintiff, the evidence regarding the involvement of Neumeier Poma raises serious doubts about whether HMEPS has, in fact, suffered any losses, or had any ownership interest in the securities, and as a result would serve to rebut that presumption, and establish that HMEPS could not adequately protect the interests of the Class. At minimum, discovery of these issues in necessary to determine whether HMEPS has standing to pursue these claims. *In re AOL Time Warner,Inc., Securities Litigation,* 2003 WL 102806, *3 (S.D.N.Y. 2003) (Other parties may conduct discovery regarding adequacy and typicality of presumptive lead plaintiff if they provide a reasonable basis for concerns regarding the ability of the presumptive lead plaintiff to represent the class).

### ii. Aramis Is Not the Presumptive Lead Plaintiff and Should Not Be Appointed Lead Plaintiff

Aramis is a privately owned Swiss wealth management firm. Its Certification, signed on behalf of Aramis by its Director, Ivo Cervinka, is insufficient to prove that its claimed losses were, in fact, losses on its own account, as opposed to losses in the accounts of its clients, and, if the latter, whether Aramis controlled the trading decisions in those accounts.

This District requires that an investment advisor, in order to demonstrate losses to serve as Lead Plaintiff, must establish that it operates as a "single investor" and functions as the attorney-in-fact for its clients. *Kaplan v. Gelfond,* 240 F.R.D. 88, 94-95 (S.D.N.Y. 2007) (For an investment advisor to have standing it must demonstrate that it is authorized to act as attorney-in-fact with unrestricted decision-making authority for the funds); *See also, eSpeed*, 232 F.R.D. at

11

98; ; *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002); *Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001).

Aramis's motion is deficient because it does not include any claim that Aramis was trading on its own account, or that it functioned as attorney-in-fact for its clients, with the sole discretion to make investment decisions for its clients. In fact, the motion provides no details of any kind about the relationship of Aramis to its clients, or about the nature of the particular losses claimed. It appears that Aramis has no financial interest in this litigation and has failed to establish that its clients gave it the legal authority to sue or seek Lead Plaintiff status utilizing their losses. *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002)(holding that investment advisor which did not purchase securities on its own behalf lacked standing to claim their clients' financial interest); *eSpeed, Inc.*, 232 F.R.D. at 98 (declining to appoint investment advisor who had not shown "single person" or attorney-in-fact" requirements).

Furthermore, an investment advisor, in order to serve as Lead Plaintiff must provide evidence that it has the specific right to recover on behalf of its' clients. *Olsen v. New York Community Bancorp, Inc.,* 233 F.R.D. 101, 106 (E.D.N.Y. 2005). Once again, Aramis fails to fails to show that it is eligible to serve as Lead Plaintiff, and does not include any claim that Aramis has the specific right to recover losses on behalf of its client.

Finally, Aramis is a Swiss wealth management firm, and neither its Certification, nor its Loss Chart, provides sufficient detail to determine if its claimed losses were sustained on U.S. markets. *In re Parmalat Sec.s Litig.n,* 376 F.Supp.2d 472, 511 (S.D.N.Y. 2005) (There is no subject matter jurisdiction over claims brought by foreigners over securities purchased on exchanges outside the United States); *Stone v. Agnico-Eagle Mines, Ltd.,* 280 F.R.D. 142, 145

(S.D.N.Y. 2012) (holding that investment fund that had losses on both U.S. and foreign exchanges could serve as lead plaintiff where the losses suffered in U.S. exchanges were still larger than other possible lead plaintiffs, and it assured it would not pursue losses on foreign exchange in this proceeding).

Aramis has not ***even attempted*** to claim that it: (i) obtained attorney-in-fact authority from its clients to bring suit on behalf of its clients; (ii) is authorized to claim its clients' investment losses as its own; or (iii) possesses an actual financial interest in the relief sought.

At the very least, if Aramis had wished to be appointed Lead Plaintiff based upon others' losses, it should have timely presented evidence that the clients who suffered the losses lawfully empowered Aramis to move for Lead Plaintiff. *See eSpeed*, 232 F.R.D. at 98. The failure to make such a showing is fatal to Aramis' motion to serve as Lead Plaintiff, as an investment advisor that fails to demonstrate that it has a valid assignment of its clients' claims does not have Article III standing sufficient to serve as Lead Plaintiff. *In Re SLM Corp.,* 258 F.R.D. at 114 (S.D.N.Y. 2009). Furthermore, *post facto* assignments of clients' claims are not sufficient to cure the defect. *Id.* at 115-116.

Should this Court determine that Aramis' claimed losses entitle it to the status of presumptive Lead Plaintiff, its failure to come forward with any evidence that it traded the securities in its own name, had attorney-in-fact status, or had received assignments from its investor clients, would establish sufficient doubts regarding its adequacy, typicality and financial interest in this matter to rebut that presumption.

   **iii.**  **The City of Rosewood Has Losses Well Below Those of Mr. McHardy**

The City of Rosewood claims losses of $73,922. Its losses are substantially less than the $209,428 in losses of Mr. McHardy, and he is therefore not entitled to presumptive Lead Plaintiff status.

## II. The Court Should Appoint Mr. McHardy Lead Plaintiff and Approve His Selection of Counsel

Mr. McHardy suffers none of the fatal defects evidenced in the competing motions of other movants. Mr. McHardy, who suffered losses of approximately $209,428, has "the largest financial interest in the relief sought by the class" among class members seeking to be appointed Lead Plaintiff (*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb)), who otherwise meets the requirements of Fed. R. Civ. P. 23. Mr. McHardy is, therefore, the presumptive Lead Plaintiff in this action, which presumption cannot be rebutted, and this Court should approve Mr. McHardy's motion for appointment as Lead Plaintiff.

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts will generally not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. McHardy has selected KSF to serve as Lead Counsel for the Class.

KSF has not only prosecuted complex securities fraud actions, but it has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit "D". Moreover, Mr. McHardy's counsel has continually invested time and resources in carefully investigating and prosecuting this Action, and this Court may be assured that in the event Mr. McHardy's motion is granted, KSF will provide the members of the Class with the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Mr. McHardy respectfully requests that this Court: (i) consolidate all future related actions; (ii) appoint Mr. McHardy to serve as Lead Plaintiff in this consolidated Action; (iii) approve Mr. McHardy's selection of KSF as Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: August 13, 2012

Respectfully submitted,

KAHN SWICK & FOTI, LLC

   /s/  Kim E. Miller
Kim E. Miller (KM-6996)
Bruce W. Dona (BD-3730)
500 5th Ave. Suite 1810
New York, NY 10110
Telephone:   (212) 696-3730
Facsimile:   (504) 455-1498

-and-

Lewis S. Kahn
206 Covington St.
Madisonville, LA 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Plaintiff Robert McHardy and Proposed Lead Counsel for the Class*