USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED: _12_/_20_/_13_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE KIT DIGITAL, INC. SECURITIES
LITIGATION

Civil Action No.
12 Civ. 4199 (AT)

## FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** (i) Lead Plaintiff Houston Municipal Employees Pension System ("HMEPS") and Plaintiff James Slattery (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) Defendants KIT digital, Inc. ("KIT" or the "Company"), Barak Bar-Cohen, Gavin Campion, Fabrice Hamaide, Robin Smyth, and Kaleil Isaza Tuzman (collectively, "Defendants") entered into the Stipulation of Settlement dated July 30, 2013, providing for the settlement and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to entry of the Bankruptcy Court Approval Order, and the approval of this Court (the "Settlement");

**WHEREAS,** unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**WHEREAS,** in the Preliminary Approval Order dated September 24, 2013, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Consolidated Action as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

WHEREAS, the Bankruptcy Court has entered the Bankruptcy Court Approval Order and such order has become final;

WHEREAS, the Court conducted a hearing on December 19, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Consolidated Action with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; (iv) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses; and (v) the objection to the fee and expense request by MK Capital;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Consolidated Action, and with good cause appearing therefor; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Judgment incorporates by reference the definitions of terms defined in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Consolidated Action and over all Parties to the Consolidated Action, including, but not limited to, the Plaintiffs, all Settlement Class Members, and the Defendants.

3.      Plaintiffs are hereby appointed, for settlement purposes only, as Settlement Class Representatives in respect of the Settlement Class for purposes of Federal Rule of Civil

Procedure 23.   Bernstein Liebhard LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4.   The Settlement Class that this Court preliminarily certified in the Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

5.   Pursuant to the Preliminary Approval Order, the Court certified, for settlement purposes only, a Settlement Class consisting of:

> All Persons who purchased or otherwise acquired KIT stock during the Class Period, and who were allegedly damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families, and any Person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has, had, or will have a controlling interest or which is related to or affiliated with, through ownership of a controlling interest or common ownership of a controlling interest, any Defendant; also excluded from the Class are the legal representatives, heirs, administrators, successors-in-interest, or assigns of any such excluded party.

6.   In addition to those Persons excluded from the Settlement Class by the class definition, excluded from the Settlement Class is the Person identified on Exhibit A, annexed hereto, who filed a valid request for exclusion.

7.   In granting final certification of the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed settlement class representatives are typical of the claims of the Settlement Class; (d) the proposed settlement class representatives and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e)

the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.     The Stipulation and the Settlement are approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class, and the Settlement Class Members and the Parties to the Stipulation are directed to implement the Stipulation in accordance with its terms and provisions.

9.     The complaints filed in the Consolidated Action are hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

10.     The Court finds that the complaints filed in the Consolidated Action were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that during the course of the Consolidated Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Settlement Class of the pendency of the Consolidated Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934 (as amended by the PSLRA), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

12.     Neither this Judgment, the Stipulation, the Supplemental Agreement, nor any negotiations or proceedings connected thereto, nor any of the documents, provisions, or

statements referred to therein:  (i) is, or shall be deemed to be, or shall be used as an admission of any Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or Released Party; (ii) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (iii) shall be offered or received in evidence against any Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Approval Order, except that the Stipulation may be filed in this Consolidated Action or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Released Parties in order to support a defense or counterclaim of any Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (iv) shall be construed against the Defendants, Released Parties, Plaintiffs, and members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (v) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs and members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable in the Consolidated Action would not have exceeded the Gross Settlement Fund.

13.    The releases set forth in Paragraphs 81 and 82 of the Stipulation (the "Releases"), together with the definitions contained in Section A of the Stipulation relating thereto, are

expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.
Accordingly, this Court orders that, as of the Effective Date:

(a)     the Releasors shall be deemed by operation of law to have fully granted
and completely discharged, dismissed with prejudice, settled and released, and agreed to
be barred by a permanent injunction from the assertion of, Released Claims against any
of the Released Parties and their attorneys, and

(b)     each Defendant, on behalf of himself or itself, as well as on behalf of his
or its heirs, executors, administrators, predecessors, successors, and assigns, shall be
deemed by operation of law to have fully granted and completely discharged, dismissed
with prejudice, settled and released, and agreed to be barred by a permanent injunction
from the assertion of Released Defendants' Claims against Plaintiffs, Plaintiffs' Counsel
and the other members of the Settlement Class and their respective counsel.

14.     The terms of the Stipulation and of this Final Approval Order and Judgment shall
be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless
of whether or not any individual Settlement Class Member submits a Claim Form or seeks or
obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors,
administrators, predecessors, successors, and assigns.

15.     The Person listed on Exhibit A, annexed hereto, has submitted a valid request for
exclusion from the Settlement Class that was accepted by the Court.  By virtue of such request,
this Person is deemed not to be a member of the Settlement Class, and has no rights to participate
in the Settlement or to receive any distributions from the Net Settlement Fund.  Except for the
Person listed on Exhibit A, no other persons have submitted requests for exclusion from the
Settlement Class that were accepted by the Court.  The Person listed on Exhibit A is the only

Person whose request for exclusion has been accepted, and, as a consequence, this Person is not bound by the terms of the Stipulation and this Judgment.

16.     The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Counsel, Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Settlement Class Members.

17.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

18.     Pursuant to the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and applicable law, upon the Effective Date any and all claims, actions, allegations, causes of action, demands, or rights, however denominated and whether presently known or unknown, seeking contribution as that term is defined for purposes of the PSLRA or other law, or seeking indemnification for claims arising under the federal securities laws or for state law claims arising out of or related to the actions underlying the claims in the Consolidated Action, brought by any person (including, but not limited to, Grant Thornton) against the Defendants are hereby barred and discharged.

19.     Plaintiffs' counsel are hereby awarded 15% of the Gross Settlement Fund in attorneys' fees (after reimbursement of expenses), or $871,888.58, which sum the Court finds to be fair and reasonable, and $189,408.42 in reimbursement of expenses, which shall be paid to

Plaintiffs' Counsel from the Gross Settlement Fund with interest at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Consolidated Action.

20.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)     The Settlement has created a fund of $6,001,999 million in cash, plus interest thereon, that is already on deposit, as well as additional value in the form of the claims relating to Grant Thornton, and numerous Settlement Class Members who submit, or have submitted, acceptable Claim Forms will benefit from the Settlement created by Plaintiffs' Counsel.

(b)     Over 26,600 copies of the Notice Packet were disseminated to Settlement Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of fifteen percent (15%) of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $300,000 and one objection was filed against the fee and expense application filed by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have litigated the Consolidated Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     The Consolidated Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over 2,066 hours, with a lodestar value of $1,275,763.17, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

21.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Gross Settlement Fund immediately after the date this Final Approval Order and Judgment is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

22.     Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court hereby awards to HMEPS expenses in the amount of $15,400 to compensate it for its reasonable costs and expenses directly relating to its representation of the Settlement Class.

23.     This Court hereby retains exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Consolidated Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Final Approval Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

24.     In the event the Effective Date does not occur, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, the Stipulation,

and all orders entered and releases delivered in connection herewith, shall be null and void and, in such event, the provisions of Paragraphs 93-95 of the Stipulation shall apply.

25.     Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Final Approval Order and Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

26.     As there is no just reason for delay in the entry of this Final Approval Order and Judgment, the Court hereby directs that this Final Approval Order and Judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against the Defendants in this Consolidated Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Settlement Class Members.

Dated: New York, New York
      December   20, 2013

_____
ANALISA TORRES
United States District Judge